UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PORTFOLIO RECOVERY ASSOCIATES LLC, <br><br> Plaintiff/Counterdefendant, <br><br> v. <br><br> AUSTIN BUTTARS, <br><br> Defendant/Counterclaimant, <br><br> v. <br><br> JOHNSON MARK, LLC <br><br> Third-Party Defendant. | Case No. 4:25-cv-00534-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

Plaintiff and Counterdefendant Portfolio Recovery Associates LLC filed a complaint in the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County Magistrate Division, Case No. CV10-25-4815, on August 13, 2025, against Austin Buttars, the Defendant and Counterclaimant. *State Compl.*, Dkt. 1-4. On September 15, 2025, Buttars removed the action to the United States District Court for the District of Idaho under 28 U.S.C. §§ 1441 and 1446 based on federal question jurisdiction under 28 U.S.C. § 1331. *Notice of Remov.*, Dkt. 1.

The parties filed a joint motion to remand the action back to state court on October 16, 2025. Dkt. 4. In this joint motion, the parties agree that removal was improper and that this Court lacks subject matter jurisdiction. Dkt. 4 at 2. The parties state that removal was based on a federal question posed by Buttars' counterclaim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., that the original complaint did not raise any federal question on its face, and that the counterclaim was permissive, not compulsory. Dkt. 4 at 2 (citing *Marlin v. Chase Cardmember Services*, 2009 WL 1405196, at *3 (E.D. Cal. May 19, 2009); *Martin v. Law Offices of John F. Edwards*, 262 F.R.D. 534, 537 (S.D. Cal. 2009); *Sparrow v. Mazda American Credit*, 385 F. Supp. 2d 1063, 1069 (E.D. Cal. 2005)). The parties note that federal question jurisdiction cannot be based on such a permissive counterclaim and agree that "no other basis for federal jurisdiction exists." Dkt. 4 at 2 (citing *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002)).

The Court thus grants the joint motion and remands the action back to the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County Magistrate Division. *See* 28 U.S.C. § 1331 (providing the federal courts with jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States"); *see also Holmes Group, Inc.*, 535 U.S. at 831 ("It follows that a counterclaim—which appears as part of the defendant's answer, not as part of the

plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction.").

The Clerk is directed to close the case.

## ORDER

**IT IS ORDERED:**

In accordance with the Memorandum Decision provided above,

NOW THEREFORE IT IS HEREBY ORDERED that the Joint Motion to Remand to State Court Pursuant to 28 U.S.C. § 1447(c) (Dkt. 4) is GRANTED.

IT IS FURTHER ORDERED that this case be remanded to the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County Magistrate Division, under 28 U.S.C. § 1447(c).

IT IS FURTHER ORDERED that the Clerk mail a certified copy of this Order to the Clerk of the Seventh Judicial District of the State of Idaho, Bonneville County Magistrate Division, in accordance with 28 U.S.C. § 1447(c).

IT IS FURTHER ORDERED that the Clerk close this case.

DATED: December 4, 2025

B. Lynn Winmill
U.S. District Court Judge